UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHNNY BLANDING,

                               Plaintiff,

               v.                                               9:15-CV-0585
                                                            (GLS/DEP)

BRUCE YELICH et al.,

                               Defendants.
_____

APPEARANCES:

JOHNNY BLANDING
13-A-3005
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

GARY L. SHARPE
United States District Judge

**DECISION and ORDER**

**I.   INTRODUCTION**

      This civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") was commenced by pro se plaintiff Johnny Blanding seeking relief for the alleged violation of his constitutional rights during his confinement at Bare Hill Correctional Facility ("Bare Hill C.F.").  *See* Dkt. No. 1 ("Compl.").

      In a Decision and Order filed July 14, 2015, the Court considered the sufficiency of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). Dkt. No. 7 ("July Order").  On the basis of that review, the Court found that the complaint failed to state a claim upon which relief could be granted pursuant to Section 1983 and was,

therefore, subject to dismissal. *Id*. at 4-9. In light of his pro se status, prior to dismissing this action the Court afforded plaintiff the opportunity to file an amended complaint. *Id*. at 9-10.

Plaintiff timely submitted an amended complaint in response to the July Order. Dkt. No. 13 ("Am. Compl."). Plaintiff also seeks appointment of pro bono counsel. Dkt. No. 12.

## II.   DISCUSSION

As alleged in the original complaint, on December 27, 2014, plaintiff slipped on a "small puddle of liquid" and fell, injuring his right leg and/or ankle. Compl. at 5-7. Plaintiff was taken to the infirmary and evaluated by Nurse Warner, who noted "soft tissue swelling" and gave plaintiff ice, an ace bandage, and crutches, and scheduled him for sick call on December 29, 2014. *Id*. Plaintiff reported to sick call on December 29; x-rays were taken and plaintiff was transported to an outside medical facility where he underwent surgery for his broken leg and/or ankle. *Id*. In addition to Nurse Warner, the complaint named "Medical Dept.," Bare Hill C.F. Superintendent Yelich, and the Department of Corrections and Community Supervision ("DOCCS") as defendants. *Id*. at 1-2. Plaintiff sought an award of damages. *Id*. at 13.

Upon review of the complaint, the Court found that even assuming that plaintiff's leg and/or ankle injury was sufficiently "serious" for purposes of an Eighth Amendment claim, plaintiff had not set forth factual allegations sufficient to plausibly suggest that Nurse Warner acted with deliberate indifference, was reckless in her treatment of plaintiff, or provided him with medical treatment that was "inadequate" in a constitutional sense. July Order at 8-9. In so ruling, the Court noted that plaintiff did not claim that he was denied medical evaluation and treatment, only that the proper treatment was delayed by Nurse Warner as a result of misdiagnosis, conduct which plaintiff himself characterized as negligence and malpractice.

*Id*.; *see* Compl. at 13.  Plaintiff's claims against Supt. Yelich were dismissed because the complaint failed to state how this defendant was personally involved in the evaluation and treatment of plaintiff's injury.  July Order at 9.  Because DOCCS and "Medical Dept." are absolutely immune from liability on plaintiff's claims for money damages, these defendants were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2) on Eleventh Amendment grounds.  *Id*. at 5-6.

In his amended complaint, plaintiff restates his claim that Nurse Warner failed to properly diagnose the injury when she evaluated plaintiff shortly after he slipped and fell on December 27, 2014.  Am. Compl. at 4.  As he did in his original complaint, plaintiff states that Nurse Warner examined his leg and ankle and took a photograph, applied ice and an ace bandage and gave plaintiff crutches, and scheduled him for sick call two days later.  Plaintiff further states that x-rays taken on December 29, 2014 showed four broken bones.  *Id*. at 3.  A short leg splint was applied and plaintiff was transported to Alice Hyde Medical for further treatment.  *Id*.  According to plaintiff, the nurse who took the x-rays on December 29, 2014 called Nurse Warner to ask why plaintiff had not been sent for x-rays sooner; as alleged, the nurses "argue[d] about this matter."  *Id*.  Liberally construed, the amended complaint names Bare Hill Supt. Yelich, Deputy Supt. Phelex, DOCCS Acting Commissioner Annucci, and several "John Does" as defendants, in addition to Nurse Warner.  *See id*. at 1, 3.

Upon due consideration and reading the pleading in the light most favorable to plaintiff, the Court finds that plaintiff has not alleged facts in his amended complaint which, if proven, might sustain a claim against one or more of the defendants for the violation of his Eighth Amendment right to proper and adequate medical care.  As the Court stated in the July Order, it is well settled that disagreements with medical providers regarding diagnostic

3

techniques (*e.g.*, the need for x-rays), the need for specialists, or the timing of their intervention do not give rise to cognizable claims of medical indifference. July Order at 6-7 (citing cases). In addition, as the Court also advised in the July Order, allegations that treatment was delayed "'based on a bad diagnosis or erroneous calculus of risks and costs'" do not suffice to demonstrate the mental state necessary for deliberate indifference. *Id*. at 6 (quoting *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000)). Rather, the plaintiff must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)), *aff'd*, 970 F.2d 896 (2d Cir. 1992). Here, even assuming that treatment was delayed for two days because Nurse Warner failed to recognize the full extent of plaintiff's injuries, these allegations do not plausibly suggest that plaintiff's Eighth Amendment rights were violated.[1]

Based upon the foregoing, the Court finds that the amended complaint fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983. As a result, this action is dismissed in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A; plaintiff's request for appointment of pro bono counsel is denied as moot.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint fails to state a claim for the violation of plaintiff's constitutional rights upon which this Court may grant relief and this action is

---

[1] Because none of the other defendants are even mentioned in the body of the amended complaint, there is no basis upon which this Court could conclude that plaintiff has a cognizable claim against them for the violation of his constitutional rights. *See* July Order at 9.

**DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b); and it is further

  **ORDERED** that plaintiff's request for appointment of pro bono counsel (Dkt. No. 12) is **DENIED as moot**; and it is further

  **ORDERED** that the Clerk shall enter judgment accordingly; and it is further

  **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

September 9, 2015  
Albany, New York

_/s/ Gary L. Sharpe_  
Gary L. Sharpe  
U.S. District Judge